UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>TRUNG THANH LE,<br><br>                Defendant. | CASE NO. CR06-0319JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is *pro se* Defendant Trung Thanh Le's motion to expunge his criminal record.[1]  (Mot. (Dkt. # 639).)  Plaintiff the United States of America (the "Government") opposes his motion.  (Resp. (Dkt. # 640).)  The court has considered the

//

//

---

[1] Because Mr. Le is proceeding *pro se*, the court construes his letter to the court, in which he requests that the court "remove the record of [his] wrongdoing" (Mot. at 2), as a motion to expunge his criminal record.

ORDER - 1

parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Mr. Le's motion.

## II.  BACKGROUND

Mr. Le was arrested in 2006 for his role as a courier in a large-scale drug trafficking and money laundering organization.  (Plea Agreement (Dkt. # 220 (sealed)) at 5-6 (alleging that he transported marijuana and currency received as payment for the marijuana on numerous occasions); Indictment (Dkt. # 1) at 1-2.)  He pleaded guilty to one count of conspiracy to distribute marijuana and one count of conspiracy to engage in money laundering.  (Plea Agreement at 1-2.)  In September 2007, the court sentenced Mr. Le to 28 months of imprisonment to be followed by five years of supervised release.  (Judgment (Dkt. # 467); 9/17/07 Min. Entry (Dkt. # 466).)  Thereafter, Mr. Le served his sentence and completed his supervised release.  (*See* Resp. at 2.)

In March 2022, Mr. Le sent a letter to the court describing his current circumstances and the adverse collateral consequences of his previous conviction on his employment opportunities.  (Mot. at 1-2.)  He requests that the court expunge his criminal record of the above-mentioned conviction.  (*Id.* at 2.)

## III.  ANALYSIS

A defendant's request to expunge a criminal record asks the court to "destroy or seal the records of the fact of the defendant's conviction," "not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (stating that a defendant "who seeks expungement requests 'the judicial editing of history'" (quoting *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972))).  There are "two sources of authority by

which [federal] courts may expunge records of criminal conviction: statutory authority and inherent authority." *Id.* "By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id.* (discussing some of the statutory authority for expungement of records); *see also United States v. Sumner*, 226 F.3d 1005, 1012 (9th Cir. 2000) (same).

If no such federal statute exists or applies, district courts may exercise their inherent authority "to expunge criminal records in appropriate and extraordinary cases." *Crowell*, 374 F.3d at 793; *see also Sumner*, 226 F.3d at 1013-15 ("[In criminal proceedings,] district courts possess ancillary jurisdiction to expunge criminal records."). A district court's "ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correct clerical error." *Sumner*, 226 F.3d at 1014; *see also Crowell*, 374 F.3d at 796 ("[E]ven where a conviction has been held unlawful and vacated, expungement remains a 'narrow, extraordinary exception,' one 'appropriately used only in extreme circumstances.'" (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991))). District courts do not have the power to expunge a record of a valid arrest and conviction "solely for equitable considerations." *Sumner*, 226 F.3d at 1014 (noting that such limits on expungement are necessary to respect "the powers . . . allocated to Congress, the Executive, and the states"). "Thus, courts will not expunge criminal records for the sole purpose of avoiding collateral consequences, such as a defendant's employability." *See United States v. Bonelli*, No. 5:11-CR-00142-EJD, 2021 WL 5012092, at *1 (N.D. Cal. Oct. 28, 2021) (citing *Sumner*, 226 F.3d at 1014).

//

Here, Mr. Le does not argue and it does not appear that he is entitled to relief under any statute. (*See generally* Mot.) Moreover, Mr. Le does not argue that his arrest or conviction were unlawful, nor does he argue that there was a clerical error. (*See generally id.*) Rather, he seeks expungement on equitable grounds—specifically, his difficulty in attaining certain types of employment. (*See id.* at 2.) Although the court sympathizes with the employment challenges that Mr. Le faces due to his conviction, the court lacks jurisdiction to expunge his criminal record on such grounds. *See, e.g.*, *Sumner*, 226 F.3d at 1015 (holding that a district court does not have ancillary jurisdiction in a criminal case to expunge a criminal record where the sole basis for the request was to enhance defendant's employment opportunities); *United States v. Souksavath*, No. 1:10-CR-00462-NONE-3, 2021 WL 4318419, at *1 (E.D. Cal. Sept. 23, 2021) (denying motion to expunge conviction on equitable grounds for lack of jurisdiction based on the defendant's argument that he has had "a hard time finding gainful employment due to the current charge being a felony"); *Bonelli*, 2021 WL 5012092, at *2 (denying motion to expunge conviction on equitable grounds for lack of jurisdiction based on the defendant's argument that she has had "difficulty maintaining employment because of the background checks that display her conviction"). Accordingly, the court DENIES Mr. Le's motion to expunge his criminal record.[2]

---

[2] While the court is unable to grant the requested relief, there may, as the Government notes in its response, "be other avenues available for [Mr.] Le to seek some relief." (*See* Resp. at 3 (citing *Crowell*, 374 F.3d at 792-795 (re-affirming limits on district court's jurisdiction over requests for expungement and listing numerous alternative avenues for expunging records of certain criminal convictions and for challenging prior convictions)); *id.* at 4 (citing *Office of the*

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Le's motion to expunge his criminal record (Dkt. # 639).

Dated this 8th day of April, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge

---

*Pardon Attorney*, U.S. Dep't of Justice, https://www.justice.gov/pardon (last visited Apr. 5, 2022)).)